UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NICOLE NICHOLS,<br>    *Plaintiff*<br><br>v.<br><br>GLOBAL EXPERIENCE SPECIALISTS, INC., CITY OF AUSTIN, EDWARD NAVARRO, ALEJANDRO DIAZ, JR., and INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, LOCAL 205,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§    Case No. 1:21-CV-00916-RP<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand, filed January 14, 2022 (Dkt. 29); Defendant International Alliance of Theatrical Stage Employees, Local 205's Response to Plaintiff's Motion to Remand, filed February 1, 2022 (Dkt. 34); and Plaintiff's Reply in Support of Plaintiff's Motion to Remand, filed February 4, 2022 (Dkt. 35). On January 18, 2022, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Nicole Nichols alleges that she was seriously injured on October 16, 2019, when a large display sign hanging from the ceiling at the Austin Convention Center fell on her. Plaintiff's Sixth Amended Complaint, Dkt. 28 ¶ 9. Plaintiff alleges that Defendants Global Experience

Specialists, Inc. ("GES"); International Alliance of Theatrical Stage Employees, Local 205 ("Local 205"); Edward Navarro; and Alejandro Diaz, Jr. installed the sign improperly. *Id.* ¶ 10.

On April 14, 2021, Plaintiff filed this negligence suit in the 53rd Judicial District Court for Travis County, Texas, against GES and Austin Convention Enterprises, Inc. Dkt. 1-2 at 6-11. In her Original Petition, Plaintiff alleged Texas state common law claims for negligence and premises liability. *Id.* at 8-9 ¶¶ 15-21. Plaintiff seeks more than $200,000 in monetary damages for past and future medical expenses, pain and suffering, and loss of earnings, as well as pre- and post-judgment interest and costs. *Id.* at 7, 9 ¶¶ 7, 22.

Plaintiff subsequently nonsuited Austin Convention Enterprises, Inc., and amended her petition six times. On August 27, 2021, Plaintiff filed her Fourth Amended Petition, adding as defendants Local 205 and the stagehands who installed the sign, Navarro and Diaz. Local 205 was served on September 15, 2021 and answered on October 8, 2021. Plaintiff filed her Fifth Amended Petition on September 28, 2021.

On October 13, 2021, Local 205 removed this case to federal court based on federal question jurisdiction under 28 U.S.C. § 1331, asserting that Plaintiff's claims are preempted by the federal Labor Management Relations Act Section 301, 29 U.S.C. § 185. Dkt. 1. On January 14, 2022, Plaintiff filed her motion to remand, arguing that the case should be remanded for lack of subject matter jurisdiction because removal was improper under 28 U.S.C. § 1447(c).

## II.  Legal Standards

The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over two general types of cases: those arising under federal law ("federal question jurisdiction"), and those in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties ("diversity jurisdiction").

*Id.* §§ 1331 and 1332(a); *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Local 205 removed this case based on federal question jurisdiction under Section 1331, which provides that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Once a defendant removes an action from state to federal court, a plaintiff may move to remand. 28 U.S.C. § 1447(c). Under Section 1447(c), a district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." On a motion for remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* To determine whether jurisdiction is present, courts consider the claims in the state court petition as it existed at the time of removal. *Id.*

### A. Well-Pleaded Complaint Rule

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States.

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

3

### B. Complete Preemption Doctrine

The complete preemption doctrine is an independent corollary to the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 393. The doctrine applies when the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Any claim based on the preempted state law is considered a federal claim from its inception. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 24 (1983) (stating that "if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily arises under federal law").

The complete preemption doctrine is applied in cases raising claims preempted by Section 301 of the Labor Management Relations Act. *Caterpillar*, 482 U.S. at 393. Section 301 provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Supreme Court has held that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citation omitted). A state law claim "is substantially dependent" on the meaning of a collective bargaining agreement if (1) resolving the state law claim requires interpretation of the agreement, or (2) the relevant duty for the state law claim arises out of the agreement. *See Lingle v. Norge Div. of Magic Chef, Inc.*,

486 U.S. 399, 405-06 (1988) (stating that state law is preempted and federal labor laws must be used to resolve dispute "if the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement"); *Caterpillar*, 482 U.S. at 394 (stating that Section 301 "governs claims founded directly on rights created by collective bargaining agreements and claims substantially dependent on analysis of such agreements").

Not every dispute "concerning employment, or tangentially involving a provision of a collective-bargaining agreement is preempted by § 301 or other provisions of the federal labor law." *Allis-Chalmers,* 471 U.S. at 212. A state law claim is independent of Section 301 and therefore not preempted if it can be resolved without interpretation of a collective bargaining agreement. *Sowell v. Int'l Bhd. of Teamsters*, No. H-09-1739, 2009 WL 4255556, at *3 (S.D. Tex. Nov. 24, 2009). The preemptive effect of federal labor contract law must be analyzed on a case-by-case basis. *Allis-Chalmers*, 471 U.S. at 220.

### III.  Analysis

Plaintiff argues that the Court lacks subject matter jurisdiction because her claims are based in state tort law and do not rely on the terms of Local 205's collective bargaining agreement with GES (the "CBA"). Local 205 responds that Plaintiff's negligence claim requires interpretation of the CBA, which presents a federal question under the Labor Management Relations Act.

Plaintiff asserts claims for general negligence against Local 205 for failing to properly install, inspect, and maintain the overhead display sign.[1] Plaintiff's Fifth Amended Petition, Dkt. 1-2 at 122-24, 126 ¶¶ 14, 16-19, 25-26. Specifically, Plaintiff alleges that Local 205 "had a duty to exercise the degree of care that reasonably careful persons or entity [sic] would use to avoid harm to others under circumstances similar to those described herein." *Id.* at 124 ¶ 17. Plaintiff alleges

---

[1] In her Sixth Amended Complaint, filed January 14, 2022, Plaintiff dropped her vicarious liability claim against Local 205. Dkt. 28.

that Local 205's duties include "to exercise reasonable care to avoid a foreseeable risk of injury to others, a duty to use ordinary care in protecting others from peril when peril was under their control, and a duty to prevent injury to the occupants of the Austin Convention Center if it reasonably appeared or should have appeared that occupants may be injured by a dangerous condition" Defendants created. *Id.* Plaintiff "maintains that Local 205 had a duty to ensure it provided trained, certified riggers to GES when it knew or should have known that GES needed workers to perform complex rigging work." Dkt 29 at 3.

Although Plaintiff alleges that "GES pressured [Local 205] to provide low-cost/non-certified workers to perform complex rigging work," the parties agree that her negligence claim does not expressly rely on the collective bargaining agreement between GES and Local 205. Dkt. 1-2 at 123-24, ¶¶ 16-17; Dkt. 34 at 7 (stating that Plaintiff "does not expressly allege a violation of the CBA"). Thus, to meet its burden to establish federal jurisdiction, Local 205 must show that Plaintiff's negligence claim either arises from a duty created by its collective bargaining agreement, or that interpretation of the agreement's terms is required to resolve Plaintiff's claim.

### A. Duty

Local 205 argues that any duty it owed Plaintiff must arise under the collective bargaining agreement because Texas law "imposes only a narrow duty on entities that refer employees." Dkt. 34 at 8. In support, Local 205 relies on *Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287 (Tex. 1996), in which a local council of the Boy Scouts of America recommended a scoutmaster for a new church troop despite knowledge of complaints that he had molested boys. *Id.* at 290. The Texas Supreme Court held that the local council owed a common law duty to the church, as well as the troop's children and their parents, in making its recommendation. *Id.* at 291-92 (holding that, if council "knew or should have known that [the scoutmaster] was peculiarly

6

likely to molest boys, it had a duty not to recommend him as a scoutmaster. We impose no other duty on [the council] than this.").

Local 205's reliance on *Golden Spread Council* to argue that any duty it owed to Plaintiff necessarily arose under the CBA is misplaced. The duty on which Plaintiff's negligence claim relies, whether broadly or narrowly construed, arises under Texas common law that "[e]very person has a duty to exercise reasonable case to avoid a foreseeable risk of injury to others." *Midwest Emp'rs Cas. Co. v. Harpole*, 293 S.W.3d 770, 776 (Tex. App.–San Antonio 2009, no pet.) (citation omitted). Accordingly, the Court concludes that the duty giving rise to Plaintiff's negligence claim does not arise from the collective bargaining agreement.

### B. Interpretation of the Collective Bargaining Agreement

Local 205 also argues that the Court must interpret the collective bargaining agreement to determine the scope of Local 205's right to control its workers to resolve Plaintiff's negligence claim. But Plaintiff's negligence claim, as pled, is based on breach of a duty arising under Texas common law, not from Local 205's rights or responsibilities under the collective-bargaining agreement. To the extent that Local 205 asserts an affirmative defense that it did not have any right of control under its collective bargaining agreement with GES, an affirmative defense is insufficient to establish federal question jurisdiction:

> [T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court.

*Caterpillar*, 482 U.S. at 398-99; *see also Baker v. Farms Elec. Co-op, Inc.*, 34 F.3d 274, 278 n.3 (5th Cir. 1994) (stating that "if issues involving section 301 arise only as a defense, there is no preemption").

7

Local 205 further argues that Plaintiff's request for exemplary damages requires interpretation of the CBA. For an award of exemplary damages, Plaintiff must establish by clear and convincing evidence that Local 205 was grossly negligent. TEX. CIV. PRAC. & REM. CODE § 41.003. Local 205 argues that the collective bargaining agreement is inextricably intertwined with resolution of the question of exemplary damages because the agreement "describes the Union's role in referring employees and GES's rights and responsibilities." Dkt. 34 at 11.

Local 205, however, fails to distinguish circumstances in which a court refers to a collective bargaining agreement and those requiring interpretation of an agreement's terms. When the meaning of contract terms is not the subject of dispute, "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). Local 205 has not shown that Plaintiff's request for exemplary damages requires interpretation of any provision of the CBA. *See Carmona v. Sw. Airlines Co.*, 536 F.3d 344, 350 (5th Cir. 2008) (finding that court need not interpret collective bargaining agreement where plaintiff's "claims do not *turn on* the CBA").

Finally, Local 205 argues that: "Apportioning responsibility between defendants necessarily requires consideration of the CBA, which describes the respective roles and responsibilities of Local 205 and GES." Dkt. 34 at 11. The need to consider collective bargaining agreement provisions in resolving a claim does not rise to the "substantially dependent" level of interpretation required for preemption. *Allis-Chalmers*, 471 U.S. at 220. As discussed above, any affirmative defense relating to proportionate responsibility does not confer federal question jurisdiction. *Baker*, 34 F.3d at 278 n.3.

### C. Conclusion

The Court finds that Plaintiff's negligence claim against Local 205 is not "substantially dependent" on its collective bargaining agreement with GES because (1) the relevant duty for Plaintiff's state law negligence claim does not arise out of the agreement, and (2) resolving the negligence claim does not require interpretation of the agreement. Accordingly, Local 205's removal to federal court under Section 1441(a) was improper and the Court lacks subject matter jurisdiction over this matter. When there is no subject matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Osborn v. Haley*, 549 U.S. 225, 240 (2007) (stating that Section 1447(c) is mandatory). For these reasons, the Court recommends that Plaintiff's Motion to Remand should be granted.

## IV. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Remand (Dkt. 29) and **REMAND** this action to 53rd Judicial District Court for Travis County, Texas.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 28, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE